Argued and submitted July 8, reversed and remanded November 14, 1985, reconsideration denied January 17, petition for review denied March 11, 1986 (300 Or 605)

BOLES,
*Appellant,*

*v.*

WASHINGTON COUNTY FIRE DISTRICT NO. 1,
CIVIL SERVICE COMMISSION,
*Respondent.*

(83-1047C; CA A34124)

708 P2d 1198

Michael T. Garone, Portland, argued the cause for appellant. With him on the brief was Jolles, Sokol & Bernstein, P.C., Portland.

Robert P. Bell, Beaverton, argued the cause for respondent. With him on the brief was Myatt, Bell & Alexander, P.C., Beaverton.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff was dismissed as an employe of the respondent district by a letter dated May 16, 1983. On that date, he was a probationary employe and would have been until May 21, 1983, the anniversary date of his employment. Under ORS 242.766(1), his probationary status was for 12 months.[1] Rule X, section 5, of the district's Civil Service Rules provides:

> "At any time during the probationary period an appointing power may remove an employee whose performance does not meet the required standards, without prior approval; provided, however, that he shall report in writing such removal, and the reasons therefor, to the chief examiner and to the employee concerned at least ten days before the effective date. Such action shall be made in good faith for cause and shall not be based on religious, racial, or political reasons except where such political activity is in violation of these rules. [ORS] 242.766(4)."

ORS 242.768(1) provides, as relevant:

> "* * * If any probationer is not discharged during the period of probation, his appointment is permanent."

Plaintiff brought this proceeding in circuit court pursuant to ORS 242.804 to appeal his dismissal. The parties agree that the court had jurisdiction under ORS 242.804 only if plaintiff was a permanent employe at the time he was dismissed. The trial judge concluded that he was a probationary employe at that time and granted the district's motion to dismiss the proceeding. Plaintiff now appeals to this court. We reverse.

Plaintiff argues that the district's rule requires a 10-day notice before a dismissal of a probationary employe becomes effective. Consequently, he reasons, his dismissal did not take effect until 10 days after he received the notice, by which time he had been employed for more than 12 months and had become a permanent employe under ORS 242.768(1).

---

[1] ORS 242.766(1) states, in material part:

"The appointing power shall appoint one of the certified candidates to the vacant position, on probation for a period of 12 months. * * *"

The district does not seem to dispute that his argument is a correct literal analysis of the statutory and regulatory framework. However, the district argues that, if the rule is construed in the way plaintiff suggests, it would be inconsistent with ORS 242.766(1). The district reasons that that statute provides that the probationary period is to last only 12 months at the maximum. If the rule requires a 10-day notice period before a probationary employe can be dismissed, the district concludes that the rule

> "* * * would require [the district] to make its decision regarding retaining or discharging a probationary employee at least 10 days prior to the expiration of the 12-month probationary period and to give written notice of discharge to the employee at that time. This interpretation of the effect of Rule X, Section 5 is inconsistent with the statute and exceeds respondent's rule-making authority * * *.

> "* * * * *

> "Thus, if Rule X, Section 5 is given the effect suggested by appellant, effectively shortening the statutory probation period, then the rule would be void."

Even assuming the correctness of the district's underlying proposition that ORS 242.766(1) precludes it from discharging a probationary employe before he has completed a year's service, we find no inconsistency between the statute and the notice provision of the rule. That provision specifies the minimum amount of advance warning the district must give an employe before his discharge takes effect; it has no bearing on when an employe *can* be discharged. The notice provision does not shorten the probationary period; it shortens the period during which employer must give notice of termination of employment.

We are also not persuaded by the district's argument that ORS 242.766(1) mandates that the district take the full 12 months of an employe's probationary service before deciding whether to retain him and notifying him of its decision. The material part of the statute addresses *only* the length of the probationary period. There is nothing in its language to support the illogical proposition that the district cannot require itself by rule to decide and give notice that an employe will be terminated at the end of his probationary service at some time before that service ends.

The district argues that we should construe the notice provision of the rule as pertaining only to the time through which an employe must be paid, rather than the time through which credit toward permanent status accrues. The district's first basis for that argument is that the construction is necessary to avoid the construction plaintiff espouses, which the district regards as making the rule inconsistent with ORS 242.766(1). As discussed above, we do not share the district's understanding that plaintiff's interpretation of the rule renders it inconsistent with the statute.

The district also maintains that paying the employe through the notice period was the remedy we prescribed "for a late notice of discharge" in *Papadopoulos v. Bd. of Higher Ed.*, 14 Or App 130, 511 P2d 854, *rev den* (1973), *cert den* 417 US 919 (1974). Our holding in *Papadopoulos* does not benefit the district. We stated there:

> "* * * Normally, a public employe discharged in a manner that violates the employe's rights to a pretermination hearing would be entitled to reinstatement. *Greene v. Howard University*, 412 F2d 1128 (DC Cir 1969). But reinstatement would only be for the period of the employe's entitlement to continued employment under relevant statutes and regulations. Here petitioner's entitlement to continued employment ended in June 1971. Since that date has long since passed, reinstatement is not the appropriate remedy in this case." 14 Or App at 177-78.

However, in *Papadopoulos* there was no question about whether the petitioner had acquired permanent employment status by virtue of the defective termination proceedings; the question was, *inter alia*, when his nonpermanent employment was effectively terminated. *See* 14 Or App at 176. In this case, conversely, the issue is whether plaintiff did attain the permanent status that would entitle him to pursue this proceeding under ORS 242.804. We hold that plaintiff became a permanent employe of the district before the discharge became effective and that the trial court erred by granting the district's motion to dismiss. *See Papadopoulos v. Bd of Higher Ed., supra.*

Reversed and remanded.